## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| JOSHUA S. GRIFFIN and CRISTEN A. GRIFFIN, on behalf of themselves and others similarly situated, | : : : |
| Plaintiffs, | : : |
| v. | : |
| MANKIN LAW GROUP, P.A., | : : |
| Defendant. | : : : |

**Civil Action No.:**

**COMPLAINT--CLASS ACTION**

**JURY TRIAL DEMANDED**

### Nature of the Action

1. This is a class action brought by Joshua S. and Cristen A. Griffin (together, "Plaintiffs") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Florida consumers who have been the subject of misleading debt collection complaints prosecuted by Mankin Law Group, P.A. ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain

a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.      These complaints spurred the FDCPA's requirement for debt collectors to send consumers "validation notices" at the outset of the collection relationship, which must contain certain information about consumers' alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

5.      A debt collector must send this notice "[w]ithin five days after the *initial communication* with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a) (emphasis added).

6.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

7.      This case arises out of the antiquated practice of debt collectors serving validation notices on consumers at the same time those consumers are served with a summons and complaint in a state court debt collection lawsuit.

8.      Such practice appears to have originated out of a previous lack of clarity as to whether a state court complaint to collect a consumer debt is an "initial communication" under the FDCPA. *Compare, e.g.*, *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) (holding that a summons and complaint do not constitute "initial communications" triggering the debt

---

[1]     *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited January 12, 2021).

validation notice requirements of section 1692g), *with Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 920 (7th Cir. 2004) (finding that a summons and complaint served in a state court action constitute an "initial communication" under the FDCPA), *superseded by statute as stated in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 472 (7th Cir. 2007).[2]

9.     However, in 2006, Congress amended the FDCPA to clarify that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." 15 U.S.C. § 1692g(d); *see also Beler*, 480 F.3d at 473 ("A recent amendment nullified the holding of *Thomas*: legal pleadings no longer need be preceded or accompanied by verification notices. Pub. L. 109-351, 120 Stat. 2006 (Oct. 13, 2006), adding 15 U.S.C. § 1692g(d).").

10.     Nonetheless, some 13 years later, debt collectors like Defendant continue to attach validation notices to summonses and complaints they file and serve on consumers—as happened to Plaintiffs.

11.     This unnecessary practice creates numerous risks and potential confusion for consumers.

12.     For example, because a state court complaint is not an initial communication, service of a complaint triggers neither a debt collector's obligations under 15 U.S.C. § 1692g, nor a consumer's concomitant rights under that provision of the FDCPA.

13.     So, by serving a validation notice with a summons and complaint, the debt collector misleads the consumer into believing he has certain rights under the law that he, in fact, does not have.

---

[2]     Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

14.     Moreover, the timing requirement for responding to a complaint in Florida state court is shorter in duration (within 20 days of service) than the timing requirement for disputing a debt under 15 U.S.C. § 1692g (within 30 days of receiving the validation notice).

15.     As a result, serving a validation notice with a summons and complaint is likely to confuse the consumer as to when and how he needs to respond to the complaint, and in a worst-case scenario, can result in the consumer missing the deadline to respond to the complaint.

16.     As the Seventh Circuit wrote in *Thomas*:

> Sending the notice along with the pleadings, or shortly thereafter, might also confuse the debtor. A debtor must comply with deadlines imposed by court rules and judges, even if that debtor has requested verification of the debt. While the § 1692g notice indicates that the debtor has 30 days to dispute his debt, in federal court a defendant must answer a complaint within 20 days of its filing. Failing to timely file an answer could result in a default judgment. Thus, the validation notice could potentially give a debtor the false impression that it has 30 days before it is required to take any action in the lawsuit.

392 F.3d at 919.

17.     Upon information and belief, Defendant routinely serves validation notices on consumers in conjunction with the service of summonses and complaints in state court debt collection lawsuits, in violation of the FDCPA.

18.     Plaintiffs here seek relief on behalf of all Florida consumers, like themselves, who received such a validation notice alongside service of a state court debt collection complaint.

**Parties**

19.     Plaintiffs are natural persons who at all relevant times resided in Pinellas County, Florida.

20.     Plaintiffs are obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

21.     Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, assessments due to a condominium association (the "Debt").

22.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

23.     Defendant is a law firm with principal offices in Pinellas County, Florida.

24.     Defendant "is comprised of 3 attorneys and 9 full-time legal assistants/paralegals providing legal representation to Homeowner and Condominium Associations in the collection of delinquent assessments," boasting of representing "over 600 Homeowner and Condominium Associations throughout the state" from its office in Clearwater, Florida.[3]

25.     Defendant's mission "is to ensure financial stability for Condominium and Homeowners Associations by offering aggressive and cost-effective collection services."[4]

26.     Defendant prides itself on being "effective in collections for Homeowner and Condominium Associations since 1986":

> We strive to handle all collection matters in a timely and efficient manner. In addition, we provide our clients with up-to-date information regarding each account and the actions being undertaken. Our unique contingency business model features zero up-front costs. This allows our Associations the ability to pursue delinquent owners aggressively, without placing a financial burden on their communities.[5]

27.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

---

[3]     *See* https://mankinlawgroup.com/legal-services/ (last visited January 12, 2021).

[4]     *See* https://mankinlawgroup.com/ (last visited January 12, 2021).

[5]     *See* https://mankinlawgroup.com/legal-services/ (last visited January 12, 2021).

28.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiffs, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

29.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

30.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.     Defendant identified itself as a debt collector to Plaintiffs.

32.     On its website, Defendant also holds itself out as a debt collector: "This law firm may be deemed a 'debt collector' under the Fair Debt Collection Practices Act. All information obtained from communications to us by telephone, written correspondence, or through this website may be used for the purpose of collecting a debt."[6]

### Jurisdiction and Venue

33.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

34.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district and as Defendant has its principal place of business in this district.

### Factual Allegations

35.     On or about August 25, 2020, Defendant, on behalf of Bridgeton North, Inc., filed a complaint (the "Collection Complaint") against Plaintiffs in the County Court of the 6th Judicial Circuit, in and for Pinellas County, Florida, in connection with the collection of the Debt.

---

[6]     *See* https://mankinlawgroup.com/ (last visited January 12, 2021).

36.   A true and correct copy of the Collection Complaint is attached as Exhibit A.

37.   The Collection Complaint asserts two counts against Plaintiffs and concludes with the following "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT":

### NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT

Pursuant to Title 15 United States Code Section 1692 Plaintiff is providing the following notice:

a) The amount of the debt is contained in this Complaint;

b) Certain costs and expenses incurred by the Creditor in connection with its effort to collect the Debt, including but not limited to, reasonable attorneys' fees, court costs and other costs, may be added to the Debt as authorized by law or by any agreement between you and the Creditor, such as the Declaration of Condominium;

c) The Creditor to whom the debt is owed is the Plaintiff named herein;

d) Unless this debt, or any portion thereof, is disputed within thirty days after receipt of this notice, the debt will be assumed to be valid by the Plaintiff;

e) The law does not prohibit Mankin Law Group from taking action to collect this Debt during the thirty (30) day validation period. If, however, you make a written request for verification of the Debt or request the name of the original creditor Mankin Law Group must mail verification of the debt before taking further action to collect the Debt;

g) This is an attempt to collect a debt, and any information obtained will be used for that purpose. This is a communication from a debt collector.

*The matters set forth herein above **do not** relieve you of the obligation to comply with the requirements of the summons herein. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period, which begins with your receipt of this notification, the law requires the debt collector to suspend its efforts, through litigation or otherwise, to collect the debt until the debt collector mails the requested information to you.*

Dated this 25th day of August 2020

MANKIN LAW GROUP

By

BRANDON K. MULLIS, ESQ.
Email: Service@MankinLawGroup.com
Attorney for Plaintiff
2535 Landmark Drive, Suite 212
Clearwater, FL 33761
(727) 725-0559
FBN: 23217

Ex. A at 4.

38.     Upon information and belief, Defendant, as a matter of pattern and practice, includes this same "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" in all debt collection complaints that it files and serves on Florida consumers.

39.     Additionally, when serving the Collection Complaint on Plaintiffs, Defendant also served summonses on Plaintiffs.

40.     True and correct copies of those summonses are attached as composite Exhibit B.

41.     In each summons, Defendant indicates that Plaintiffs "have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court." Ex. B at 1, 3.

**Class Action Allegations**

42.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons in the state of Florida to whom, within one year before the date of this complaint, Mankin Law Group, P.A. served a "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" as part of a complaint in a lawsuit it filed in connection with the collection of a consumer debt.

43.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

44.     The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

45.     The exact number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

46.     The class is ascertainable because it is defined by reference to objective criteria.

47.     In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant, and through public records searches.

48.     The class satisfies Rules 23(a)(2) and (3) because Plaintiffs' claims are typical of the claims of the members of the class.

49.     To be sure, Plaintiffs' claims and those of the members of the class originate from the same "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" utilized by Defendant in its state court debt collection complaints, and Plaintiffs thus possess the same interests and have suffered the same injuries as each member of the class.

50.     Plaintiffs satisfy Rule 23(a)(4) because they will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

51.     Plaintiffs have no interests that are contrary to or in conflict with the members of the class that they seek to represent.

52.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

53.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

54.     There will be no unusual difficulty in the management of this action as a class action.

55.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

56.     Among the issues of law and fact common to the class are:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   whether Defendant is a debt collector as defined by the FDCPA;

    c.   whether Defendant's inclusion of a validation notice when serving a complaint and summons on a consumer constitutes a false, deceptive or misleading practice;

    d.   the availability of declaratory relief;

    e.   the availability of actual damages and statutory penalties; and

    f.   the availability of attorneys' fees and costs.

57.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

58.     Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 57 above.

59.     The FDCPA at 15 U.S.C. § 1692e provide forbids the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt."

60.     Defendant filed and served on Plaintiffs the Collection Complaint containing the "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT." *See* Ex. A at 4.

61.     The notice advised Plaintiffs that "[t]he law does not prohibit [Defendant] from taking action to collect this Debt during the thirty (30) day validation period. If, however, you make a written request for verification of the Debt or request the name of the original creditor

10

[Defendant] must mail verification of the debt before taking further action to collect the Debt."

*Id.*

62.   The notice concluded in italicized text:

*The matters set forth herein above **do not** relieve you of the obligation to comply with the requirements of the summons herein. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period, which begins with your receipt of this notification, the law requires the debt collector to suspend its efforts, through litigation or otherwise, to collect the debt until the debt collector mails the requested information to you.*

*Id.* (emphasis in original).

63.   These representations are false, deceptive, and misleading because they provide a misleading impression of the process for responding to a lawsuit under Florida law.

64.   Specifically, Plaintiffs only had 20 days—not 30—to respond to the complaint without risking a default judgment. *See* Fla. R. Civ. P. 1.140(a)(1); *see also* Ex. B at 1, 3 (indicating a response is due within 20 calendar days).

65.   However, an unsophisticated consumer reviewing Defendant's "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" could reasonably conclude that, so long as he disputed the debt in writing to Defendant within thirty days, Defendant would have to suspend its collection efforts—including prosecution of the debt collection lawsuit—until Defendant provided the consumer with verification of the Debt.

66.   Indeed, while the notice advised Plaintiffs that they were not relieved "of the obligation to comply with the requirements of the summons herein," Ex. A at 4, Defendant simultaneously directed them to submit disputes or requests for information directly to Defendant, the receipt of which supposedly would require Defendant "to suspend its efforts, through litigation or otherwise, to collect the debt until [Defendant] mails the requested information to" them. *Id.*

11

67.     This is not true for two independent reasons: (1) Defendant's notice does *not* supersede, or override, Florida's Rules of Civil Procedure requiring Plaintiffs to respond to the complaint within 20 days of service, Fla. R. Civ. P. 1.140(a)(1); and (2) the Collection Complaint does *not* constitute an initial communication for purposes of the FDCPA, and thus does *not* trigger Plaintiffs' validation rights under the statute. *See* 15 U.S.C. § 1692g(d).

68.     As a result, and given the conflict between the time period allowed by Florida's Rules of Civil Procedure (20 days) and the time period indicated in Defendant's "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" (30 days), an unsophisticated consumer would be confused as to when and how he would need to respond to the Collection Complaint. *See Battle v. Gladstone Law Grp., P.A.*, 951 F. Supp. 2d 1310, 1315 (S.D. Fla. 2013) ("An FDCPA notice incorporated into a mortgage foreclosure summons and complaint does not necessarily effectively convey notice of the rights to the 'least sophisticated consumer.' The 'least sophisticated consumer' could be deceived or confused when the summons sets out a 20-day deadline to respond to the lawsuit and the attached notice provides for a 30-day deadline to request validation of the debt.").

69.     In fact, Plaintiffs found this very conflict confusing.

70.     Moreover, Defendant's representations were false and misleading because they purported to provide Plaintiffs rights under the law that they did not have and could not enforce.

71.     As the Collection Complaint was not an "initial communication" within the meaning of the FDCPA, Plaintiffs neither had the legal right to dispute the Debt within 30 days after the Collection Complaint was served on them, nor would Defendant be legally obligated to obtain verification of the Debt (or, for that matter, stop collection efforts) and provide a copy of such verification to Plaintiffs had they disputed the Debt in writing within the 30-day period.

72.     Nonetheless, Defendant falsely advised Plaintiffs that they had these exact rights pursuant to the FDCPA. *See* Ex. A at 4.

73.     As a result of the foregoing, Defendant violated 15 U.S.C. § 1692e.

74.     The harm suffered by Plaintiffs is particularized in that the illegal debt collection conduct was targeted at them personally and regarded their own personal alleged debt.

75.     The violation of Plaintiffs' right not to be the target of misleading debt collection communications is a concrete injury sufficient to confer standing.

76.     Indeed, as a result of Defendant's misleading conduct, Plaintiffs were confused as to how and when to respond to the Collection Complaint, leading them ultimately to retain counsel to respond to the Collection Complaint.

77.     What's more, the harm Plaintiffs allege here—being misled by a debt collector about the rights afforded them under the FDCPA, and about their rights under state law to respond to a debt collection lawsuit—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

78.     Moreover, Plaintiffs suffered actual damages in the form of their incurring attorneys' fees defending against Defendant's misleading Collection Complaint.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3)**

79.     This cause of action is pleaded in the alternative to Plaintiffs' first cause of action.

80.     Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 57 above.

81.     The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

\* \* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

82.     To the extent that Defendant contends that the "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" should be construed as part of Defendant's "initial communication" with Plaintiffs in connection with collection of the Debt, its notice did not contain the proper disclosure required by 15 U.S.C. § 1692g(a)(3), and Defendant did not provide such disclosure within five days thereafter.

83.     Specifically, should the "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" be deemed an "initial communication" for purposes of the FDCPA, it violated 15 U.S.C. § 1692g(a)(3) by advising Plaintiffs that unless they, within 30 days after receipt of the notice, disputed the validity of the debt, or any portion thereof, "the debt will be assumed to be valid by the Plaintiff," meaning the plaintiff in the Collection Complaint: Bridgeton North, Inc. *See* Ex. A.

84.     Bridgeton North, Inc. is the condominium association that oversees Plaintiffs' property subject to the Debt.

85.     In other words, Bridgeton North, Inc. is the creditor to whom the Debt is owed.

86.     As a result, the "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" indicates to the least sophisticated consumer that if he does not dispute the debt within 30 days, the creditor can assume the debt to be valid, which is not true. *See Galuska v. Collectors Training Inst. of Ill., Inc.*, No. 07-2044, 2008 WL 2050809, at \*5 (M.D. Pa. May 13, 2008) (failure to include "by the debt collector" or words such as "we" or "this office" in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity).

87.     The FDCPA requires disclosure in an initial debt collection communication that, absent dispute within 30 days of receipt of the validation notice, the *debt collector*—not the creditor—will assume the debt to be valid. 15 U.S.C. § 1692g(a)(3) ("a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*").

88.     This is because a failure to dispute the debt only allows the debt collector to assume its validity—not the creditor. *See Harlan v. NRA Grp., LLC.*, No. 10-324, 2011 WL 500024, at *4 (E.D. Pa. Feb. 9, 2011) ("The statutorily required validation notice is intended to convey to the consumer that failure to dispute the debt permits the debt collector to proceed for collection purposes on the 'temporary fiction' that the debt is valid. Failure to dispute a debt has no legal effect on a debtor's rights, and a court may not construe such failure as an admission of liability.").

89.     Accordingly, Defendant's "NOTICE UNDER FAIR DEBT COLLECTION PRACTICES ACT" fails to effectively provide the disclosure required by 15 U.S.C. § 1692g(a)(3), and Defendant thus violated the FDCPA.

90.     The harm suffered by Plaintiffs is particularized in that the violative notice at issue was sent to them personally, regarded their personal alleged debt, and failed to properly provide them the statutorily mandated disclosures to which they were entitled.

91.     Section 1692g furthers the purpose of protecting a debtor from abusive debt collection activity by requiring a debt collector who solicits payment from him to provide him with a detailed validation notice, which then allows the consumer to confirm that he owes the debt sought by the collector before paying it.

92.     Here, by failing to properly provide the disclosure required by 15 U.S.C. § 1692g(a)(3), Defendant invaded a specific private right created by Congress for Plaintiffs to receive certain information to which they were entitled, and Defendant's invasion of that right caused injury to Plaintiffs. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

93.     Moreover, Defendant's actions created risk of real harm to the concrete interests that Congress enacted the FDCPA to protect—namely, a belief that the creditor could assume the debt to be valid when the law does not allow it to do so. *See, e.g.*, *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 758 (6th Cir. 2018) ("Thus, Plaintiffs allege a risk of harm that is traceable to GC's purported failure to comply with federal law, namely, the possibility of an unintentional waiver of FDCPA's debt-validation rights, including suspension of collection of disputed debts under Section 1692g(b).").

94.     And here, upon receiving the Collection Complaint, Plaintiffs were uncertain as to their validation rights and obligations, and they believed that if they did not dispute the debt directly to the debt collector within 30 days, then the creditor could legally treat the debt as valid in court.

95.     Partly as a result of this confusion, Plaintiffs retained counsel for assistance, at significant financial cost to themselves.

**WHEREFORE**, Plaintiffs respectfully request relief and judgment as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e or, alternatively, 15 U.S.C. § 1692g(a)(3);

C.  Awarding Plaintiffs and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Awarding Plaintiffs and members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.  Enjoining Defendant from future violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692g(a)(3) with respect to Plaintiffs and the class;

F.  Awarding Plaintiffs and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G.  Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs are entitled to, and hereby demand, a trial by jury.

Dated:  January 14, 2021                    Respectfully submitted,

                                            /s/ *Jesse S. Johnson*
                                            James L. Davidson
                                            Florida Bar No. 723371
                                            Jesse S. Johnson
                                            Florida Bar No. 69154
                                            Greenwald Davidson Radbil PLLC

17

7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Scott B. Tankel
Florida Bar No. 118453
Tankel Law Group
1022 Main Street, Suite D
Dunedin, FL 34698
Tel: (727) 736-1901
Fax: (727) 736-2305
scott@tankellawgroup.com

*Counsel for Plaintiffs and the proposed class*